FILED

AUG 2 - 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

KYLE BARTOLAIN,

Defendant.

Magistrate No. 06-0327M
DAR

## MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF DETENTION

### I. INTRODUCTION

Defendant is charged by criminal complaint with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a person under 18 years of age in violation of 18 U.S.C. § 2423(b). A consolidated preliminary hearing and detention hearing was conducted by the undersigned United States Magistrate Judge on July 19, 2006. Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions [of release] will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis

United States v. Bartolain                                                                                               2

upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. § 2423. 18 U.S.C. § 3142(e).

United States v. Bartolain                                                                                                   3

### III. DISCUSSION

The government's sole witness was Detective Timothy Palchak of the Metropolitan Police Department. Detective Palchak testified that on July 11, 2006, he logged into a Yahoo! internet chat room and identified himself as a 13-year-old girl residing in the District of Columbia. Detective Palchak further testified that the Defendant initiated contact with the person he believed was a 13-year-old girl and invited "her" to "chat" privately. Detective Palchak testified that he, posing as the 13-year-old girl, and Defendant had three separate private "chats" between July 11, 2006 and July 14, 2006. The government introduced into evidence a transcript of the three private "chats." During the "chats," Defendant asked the person he believed was a 13-year-old girl about "her" sexual history, and proposed engaging in conduct defined as illicit sexual acts. The government, over Defendant's objection, also introduced into evidence a photograph of a young girl, which Detective Palchak used in his online profile of the 13-year-old girl.

Detective Palchak read from portions of the transcript in which the Defendant discussed his recent sexual activity, asked the person he believed was a 13-year-old girl about "her" sexual history, and arranged to meet "her" at a location in Washington, D.C. on July 14, 2006. The government offered into evidence a copy of the driving directions from Alexandria, Virginia, where Defendant was residing, to the meeting location in Washington, which was seized from the Defendant's vehicle at the time of his arrest, and a photograph of the condoms and lubricant seized from the vehicle. Detective Palchak testified that he observed Defendant traveling in the area of the meeting place and thereafter placed Defendant under arrest. Detective Palchak further testified that the Defendant waived his <u>Miranda</u> rights and provided a videotaped statement in

United States v. Bartolain                                                                                                4

which he admitted traveling from Alexandria to Washington to meet the person he believed was a 13-year-old girl for the purpose of engaging in illicit sexual activity with "her."

The Court found probable cause.

In opposition to the government's request for pretrial detention, Defendant's counsel asked that Defendant be released to the custody of his parents, who have resided in Alexandria since 1993, and who were in court. Defendant's counsel further proffered that Defendant had no prior convictions; that he was on active duty in the Army and recently returned from a tour of duty in Afghanistan; and that his father was retired from the military and is now employed by a defense contractor. Defendant's counsel proffered that while Defendant was currently stationed at Fort Bragg, North Carolina, his family home in Alexandria was his permanent address. Finally, Defendant's counsel proffered that Defendant's computer had been seized, and that his family's computers would be moved to a bedroom and "password protected" so that Defendant could not access them. Defendant's counsel suggested that although Defendant is charged with a crime of violence, the government did not offer evidence which suggested that the Defendant intended to physically harm the 13-year-old girl he believed he was meeting.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. First, the offense charged is a crime of violence, and the nature and

circumstances of the offense charged indicate that Defendant traveled in interstate commerce for the purpose of participating in illicit sexual acts with a person he believed was a 13-year-old girl.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is virtually overwhelming.

Third, the undersigned has considered that Defendant has no criminal record; has served in the armed forces; and that his family resides in the metropolitan area. However, the undersigned finds that Defendant's conduct with respect to the person he believed was a 13-year-old girl during the internet "chats" which were transcribed and received in evidence militate against release on conditions.

Finally, the words which Defendant spread across the internet, coupled with his actions in traveling from Alexandria to the District of Columbia, with condoms and lubricant, to meet a person he believed was a 13-year-old girl are indicative of the unspeakable danger he poses to the community.

The undersigned has carefully considered Defendant's proffer of evidence, and finds that it is insufficient to rebut either the applicable presumption of fugitivity or the applicable presumption of dangerousness. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

United States v. Bartolain                                                                                              6

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 19, 2006 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

August 2, 2006
DATE

July 19, 2006
NUNC PRO TUNC